WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2026

August 25, 2026

**MEMORANDUM ENDORSED**

**VIA ECF**
Hon. Gregory H. Woods
United States Courthouse
500 Pearl Street, Room 2260
New York, New York, 10007

Re: Case No. 1:26-cv-02255-GHW - *Milwaukee Electric Tool Corp. v. The Partnerships and Unincorporated Associations Identified on Schedule "A", et al.*

Dear Hon. Judge Woods,

Pursuant to Rule 2(E)(ii) of Your Honor's Individual Rules, Plaintiff Milwaukee Electric Tool Corporation ("Plaintiff") and Defendant KAKEI ("Defendant") jointly submit this letter concerning the remaining disputes arising from Plaintiff's First Set of Interrogatories and First Set of Requests for Production, served June 5, 2026.

Counsel met and conferred by Zoom on July 14, August 6, and August 17, 2026, for approximately thirty minutes on each occasion. The participating counsel were Shengmao Mu and Moshe Mortner on July 14 and August 6, and, and Shengmao Mu, Ryan Carreon, and Moshe Mortner on August 17.

The parties remain unable to resolve three issues: (1) whether Defendant waived its untimely discovery objections; (2) whether Defendant must further supplement Interrogatory No. 8 to identify the principal witnesses and documents supporting its affirmative defenses; and (3) whether Plaintiff's existing Requests for Production require production concerning Defendant's Walmart sales and listings.

**Plaintiff's Position**

**1. Untimely Objections Are Waived.**

Plaintiff served its interrogatories and requests for production on June 5, 2026. Defendant's responses were due July 6, 2026. Defendant neither obtained an extension nor sought relief from the Court before that deadline. Instead, Defendant served its responses to the requests for production on July 14 and its interrogatory responses on July 16.

Rule 33(b)(4) provides that an objection not timely stated is waived absent good cause. Courts in this District likewise treat untimely objections to document requests as waived where the responding party offers no adequate justification for failing to respond on time. *See Barbera v. Grailed, LLC*, 2024 U.S. Dist. LEXIS 210866, at *3 (S.D.N.Y. Nov. 20, 2024); *David v. Weinstein Co. LLC*, 2020 U.S. Dist. LEXIS 126287, at *12-13 (S.D.N.Y. July 17, 2020).

Plaintiff does not seek a finding that Defendant waived attorney-client privilege or work-product protection. Defendant has also represented that no documents or information have been withheld based upon its objections. Nevertheless, waiver remains material because Defendant continues to invoke those objections, including its objection that Interrogatory No. 8 is an allegedly premature contention interrogatory. Plaintiff therefore respectfully requests that the Court deem Defendant's non-privilege objections waived and direct Defendant not to rely upon those objections to limit its existing or supplemental responses.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE
**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

**2. Interrogatory No. 8 Requires Identification Of The Principal Witnesses And Documents Supporting Defendant's Affirmative Defenses.**

Interrogatory No. 8 provides:

> **INTERROGATORY NO. 8:** DESCRIBE IN DETAIL the factual basis for any affirmative defense that YOU intend to assert in this action.

The Interrogatories expressly define "DESCRIBE IN DETAIL" to mean:

> [T]o set forth with particularity and precision the underlying facts and substance of the requested matter and to IDENTIFY any natural person, company, business entity, document, meeting, communication, and any other fact, person or thing involved in or related to that matter.

Defendant's Third Supplemental Response identifies six affirmative defenses and provides narrative descriptions of those defenses. Defendant nevertheless refuses to identify the witnesses or documents underlying its factual contentions.

Identification of responsive persons and documents is part of the express definition incorporated into Interrogatory No. 8. Plaintiff does not seek an exhaustive catalog of every item of evidence Defendant might use at trial. Rather, Plaintiff appropriately seeks the "principal or material facts, pieces of evidence, witnesses and legal applications" supporting Defendant's factual contentions. *Fin. Tech. Partners LP v. Circle Internet Fin. Ltd.*, 2026 U.S. Dist. LEXIS 159144, at *5 (S.D.N.Y. July 17, 2026); *see also* Fed. R. Civ. P. 33(a)(2).

Defendant's timing objection is also waived because it was not timely asserted. Alternatively, to the extent Local Civil Rule 33.3(c) would otherwise defer a contention interrogatory until later in discovery, Plaintiff respectfully requests that the Court permit Interrogatory No. 8 to be answered now. Fact discovery closes September 8, 2026; Defendant has already elected to identify and explain the affirmative defenses it presently intends to assert; and identifying the principal witnesses and documents supporting those defenses will narrow the remaining discovery rather than expand it.

Plaintiff therefore requests that Defendant be ordered to supplement Interrogatory No. 8 to identify the principal or material witnesses, documents, and communications supporting each affirmative defense presently asserted.

**3. Defendant Must Produce Responsive Walmart Documents.**

Plaintiff recently discovered, and Defendant now admits, that a Walmart seller account "was operated and maintained on a day-to-day basis by personnel of" Defendant. *See* Exhibit F. Defendant acknowledges that the same type of infringing product identified in the Complaint was sold through that account.

Plaintiff's August 12 correspondence identified the Walmart seller account and provided a screenshot of the relevant Walmart product page. That page displays the product as "KAKEI Milwaukee Chainsaw Chain," expressly using Plaintiff's MILWAUKEE mark.

The Requests define "INFRINGING PRODUCTS" to include "any and all products that use or bear one or more of the TRADEMARKS without authorization," including but not limited to the chainsaw-chain products identified in the Complaint and exhibits. The Requests

WHITEWOOD LAW
YOUR INNOVATION. OUR EXPERTISE
57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019
T: +1 (917) 858-8018 | E: smu@whitewoodlaw.com
W: whitewoodlaw.com

are not limited to sales occurring through the original Amazon page that was included in the Complaint. For example:

> **REQUEST FOR PRODUCTION NO. 1:** All non-privileged DOCUMENTS RELATING TO any sales, revenues, invoices, receipts, shipping records, or orders of the INFRINGING PRODUCTS from January 1, 2020, to the present, including quantity sold, price per unit, total revenue, and customer information.

> **REQUEST FOR PRODUCTION NO. 3:** All non-privileged DOCUMENTS RELATING TO any profit margins, costs, accounting records, financial statements, or calculations of profits arising from the sale or offering for sale of the INFRINGING PRODUCTS.

> **REQUEST FOR PRODUCTION NO. 14:** All non-privileged DOCUMENTS RELATED TO any listing, advertising, or promotional materials for the INFRINGING PRODUCTS that display or use the TRADEMARKS.

Once Defendant disclosed that it operated a Walmart account selling the same chainsaw products under a listing that used the MILWAUKEE mark, responsive Walmart sales, financial, listing, advertising, and communication records fell within the requests already served. No new request is necessary.

Plaintiff respectfully requests that Defendant be ordered to produce responsive Walmart documents, including responsive sales and order records, financial records, listing and advertising materials, and communications, within five business days of the Court's order.

Pursuant to Local Civil Rule 37.1, the relevant discovery requests and responses are set forth verbatim herein and are attached for the Court's convenience as Exhibits A through D. Defendant's August 18, 2026 correspondence memorializing its position on the remaining disputes is attached as Exhibit E, and the Walmart listing at issue is attached as Exhibit F.

**<u>Defendant's Position</u>**

Defendant respectfully submits the following in response to the three discovery issues raised by Plaintiff. As discussed below, Defendant disagrees that its discovery objections were waived, that its response to Interrogatory No. 8 is deficient, or that Plaintiff's existing Requests for Production encompass the additional Walmart documents Plaintiff now seeks.

**1. Defendant's Discovery Objections Were Timely and Were Not Waived**

Defendant KAKEI disagrees that its objections to Plaintiff's Interrogatories and Requests for Production were untimely. Plaintiff's asserted July 6 deadline assumes that its June 5 transmission of discovery commenced the 30-day response period even though KAKEI had not been served with process or voluntarily appeared. KAKEI voluntarily appeared on June 16 and responded to Plaintiff's discovery within 30 days thereafter.

The relevant chronology is straightforward:

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE
**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

- **June 5, 2026:** Moshe Mortner, Esq. filed a Notice of Appearance as substitute counsel for KAKEI. (ECF No. 71.) Plaintiff transmitted its Interrogatories and Requests for Production that same day.
- **Later on June 5:** Plaintiff's counsel asked Mr. Mortner: "Please advise whether you will waive service or accept service on behalf of Defendant Kakei in this matter." (Ex. G.)
- **June 8, 2026:** Defendant's counsel responded that he had not yet received his "client's consent to accept service." (Ex. G.)
- **June 16, 2026:** KAKEI voluntarily appeared by filing its Answer. (ECF No. 80.)
- **July 14, 2026:** Twenty-eight days later, KAKEI served its responses to Plaintiff's Requests for Production.
- **July 16, 2026:** Thirty days after filing its Answer, KAKEI served its responses to Plaintiff's Interrogatories and produced responsive documents.

Plaintiff's waiver argument thus turns on whether its June 5 transmission commenced the response period before KAKEI had been served or voluntarily appeared. Rule 26(d)(2), which specifically addresses early delivery of Rule 34 requests, permits such requests to be delivered to a defendant "[m]ore than 21 days after the summons and complaint are served on a party." Fed. R. Civ. P. 26(d)(2)(A). Rule 34 likewise provides that the 30-day response period runs from service of the request. Fed. R. Civ. P. 34(b)(2)(A). These provisions are consistent with the Supreme Court's recognition that a defendant ordinarily "becomes a party officially, and is required to take action in that capacity, only upon service of a summons" or other authority-asserting measure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

The Court's May 13 Scheduling Order (ECF No.53) does not provide otherwise. It established July 8 as the deadline for serving initial Requests for Production and Interrogatories, but did not dispense with service of process or establish that discovery transmitted to an unserved defendant would commence the response period.

Plaintiff's March 30 Certificate of Service (ECF No.25) also does not establish service upon KAKEI. The TRO authorized electronic service upon each Defendant at an email address supplied by the Financial Institutions. Plaintiff's Certificate states generally that emails were sent to addresses supplied by third-party service providers, but does not identify KAKEI, identify an email address at which KAKEI was purportedly served, or attach evidence of an email sent to KAKEI. Plaintiff's own conduct is consistent with that record: on June 5, the same day it transmitted the discovery, Plaintiff expressly asked substitute counsel whether he would waive or accept service on KAKEI's behalf.

Accordingly, Plaintiff has not established the July 6 deadline upon which its waiver argument depends. KAKEI voluntarily appeared on June 16 and served its RFP responses 28 days later and its Interrogatory responses 30 days later.

Alternatively, even if the Court concludes that the June 5 transmission commenced the response period, there is good cause to excuse the brief delay. See Fed. R. Civ. P. 33(b)(4). Substitute counsel appeared on the same day the discovery was transmitted, Plaintiff was still

WHITEWOOD LAW
YOUR INNOVATION. OUR EXPERTISE
57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019
T: +1 (917) 858-8018 | E: smu@whitewoodlaw.com
W: whitewoodlaw.com

seeking acceptance or waiver of service, and, even under Plaintiff's calculation, the responses were only eight and ten days late. Plaintiff suffered no prejudice.

Finally, KAKEI has repeatedly confirmed that no responsive documents or information, privileged or non-privileged, have been withheld on the basis of its objections. This representation applies to KAKEI's Interrogatory responses, Rule 26(a)(1) disclosures, Requests for Production, and supplemental responses. Plaintiff therefore seeks a blanket waiver of objections despite the fact that no discovery has been withheld on their basis. There is no basis for such relief.

**2. Defendant Has Adequately Responded to Interrogatory No. 8.**

Interrogatory No. 8 asks Defendant to "DESCRIBE IN DETAIL the factual basis for any affirmative defense" Defendant intends to assert. Defendant has done so. Its Third Supplemental Response separately sets forth the factual basis for each of Defendant's six affirmative defenses. (See Ex. H.)

Defendant's response identifies, among other things, the manner in which the KAKEI product and packaging were presented to consumers; the use of the MILWAUKEE word mark to identify product compatibility; the use of compatibility terminology in connection with Amazon search functionality; the absence of known evidence of actual consumer confusion reflected in Amazon sales records, customer ratings, reviews, and return data; the descriptive function of Amazon product titles in communicating product attributes and compatibility; and Plaintiff's manipulation of Amazon's product-listing.

Plaintiff does not contend that Defendant failed to disclose the factual bases for its defenses. Instead, relying upon its definition of "DESCRIBE IN DETAIL," Plaintiff seeks an order requiring Defendant additionally to identify the "principal or material witnesses, documents, and communications" supporting each defense. That demand seeks classic contention discovery concerning the evidentiary support for Defendant's defenses. Local Civil Rule 33.3(c) provides that interrogatories seeking "the principal or material facts" supporting a party's contentions are appropriate "at the conclusion of other discovery," and permits such interrogatories earlier only where the Court determines that they are "a more practical method of obtaining the information sought than a request for production or a deposition."

Plaintiff has not shown why requiring Defendant to catalogue the witnesses and documentary evidence supporting each affirmative defense while fact discovery remains ongoing is a more practical method of obtaining that information. Defendant has already disclosed its witnesses through its Rule 26(a)(1) disclosures and has produced the documents responsive to Plaintiff's Requests for Production. Plaintiff therefore has both Defendant's detailed statement of the factual bases for its affirmative defenses and the discovery through which the evidence relating to those defenses has been disclosed.

Nor does the definition of "DESCRIBE IN DETAIL" permit Plaintiff to circumvent Local Rule 33.3(c). Plaintiff cannot expand a contention interrogatory by definition and thereby require, before the conclusion of other discovery, an identification of the witnesses,

WHITEWOOD LAW
YOUR INNOVATION. OUR EXPERTISE
**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

documents, communications, and other evidence supporting each factual contention without satisfying the requirements of Rule 33.3(c).

Accordingly, because Defendant has already provided detailed factual bases for each of its affirmative defenses and Plaintiff has not established a basis under Local Rule 33.3(c) for compelling the additional contention discovery it seeks at this time, Plaintiff's request should be denied.

**3. Plaintiff's Existing Requests Do Not Require Production of the Walmart Documents Now Sought.**

Plaintiff's argument that Defendant produce Walmart related documents misreads its own definition of "INFRINGING PRODUCTS." The Requests define that term as:

"any and all products that use or bear one or more of the TRADEMARKS without authorization, **as identified in the Complaint and the exhibits attached thereto (including Exhibit A provided with these Interrogatories),** including but not limited to [the specifically identified products]."

The phrase "including but not limited to" does not eliminate the preceding limitation that the products be "identified in the Complaint and the exhibits attached thereto." Rather, it introduces specific examples of products falling within that defined category. Plaintiff's interpretation would effectively delete the phrase "as identified in the Complaint and the exhibits attached thereto" and redefine "INFRINGING PRODUCTS" to mean any product, wherever sold or subsequently discovered, that Plaintiff **now contends** uses one of its trademarks without authorization.

The Walmart listing upon which Plaintiff now relies was not identified in the Complaint or its exhibits. It was discovered during discovery. Even if Plaintiff now contends that the Walmart listing used the MILWAUKEE mark, that does not bring the listing within the defined term "INFRINGING PRODUCTS" as Plaintiff drafted it.

Request for Production No. 5 reinforces this distinction. It requests documents sufficient to identify any "websites, online stores, marketplaces, or platforms" used to list, advertise, sell, or offer the defined INFRINGING PRODUCTS. Defendant identified the Walmart account in response to that discovery. But Request No. 5 does not request all sales, financial, advertising, or communication records concerning every platform so identified.

Plaintiff now relies on Requests Nos. 1, 3, and 14 to seek Walmart sales records, financial records, and listing and advertising materials. Each of those Requests, however, is expressly limited to the defined "INFRINGING PRODUCTS." Defendant's identification of Walmart as another platform on which it sold products does not transform the product on Defendant's Walmart listing into an "INFRINGING PRODUCT" under Plaintiff's definition.

Defendant has complied with the Requests as Plaintiff drafted them. If Plaintiff wished to obtain documents concerning additional listings discovered during discovery, it could have served a request encompassing those listings. It may not expand the scope of its existing

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

Requests through a deficiency letter or Joint Letter by reading the limiting language out of its own definition.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's request to compel production of Walmart documents not encompassed by the Requests actually served.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's requested relief.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Shengmao Mu*
Shengmao Mu
NY No. 5707021
**WHITEWOOD LAW PLLC**
57 West, 57th Street, 3rd and 4th Floors
New York, NY, 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

Respectfully submitted,

*/s/ Moshe Mortner*
Moshe Mortner
30 Wall Street, 8th Floor
New York, NY 10005
Email: MosheMortner@MortnerLaw.com
Tel. 877-365-217

*Counsel for Defendant KAKEI*

The Court will hold a conference regarding the parties' discovery dispute on September 2, 2026 at 2:00 p.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 111.

SO ORDERED.

Dated: August 26, 2026
New York, New York

GREGORY H. WOODS
United States District Judge