MORTNER LAW

The Mortner Law Offices
30 Wall Street, 8th Floor
New York, NY, 10005

Moshe Mortner, Esq.
Tel 877-365-2177
moshemortner@mortnerlaw.com

September 3, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/4/2026

**JOINT LETTER**

**MEMORANDUM ENDORSED**

**Via ECF**
The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

**Re: Milwaukee Electric Tool Corp. v. The Partnerships and Unincorporated Associations Identified on Schedule "A", *et al.*, No. 1:26-cv-02255-GHW**

Dear Judge Woods:

Pursuant to Rule 2(E)(ii) of Your Honor's Individual Rules, Defendant KAKEI and Plaintiff Milwaukee Electric Tool Corporation jointly submit this letter concerning disputes arising from Defendant's First Set of Interrogatories and First Set of Requests for Production.

Counsel met and conferred by Zoom on August 31, 2026, for approximately nine minutes. The participating counsel were Moshe Mortner for Defendant and Shengmao Mu and Ryan Carreon for Plaintiff.

**Defendant's Position**

**A. Defendant's Six-Day Delay Caused No Prejudice and Did Not Affect the Discovery Schedule**

Plaintiff produced no documents in response to Defendant's Requests for Production and provided no substantive responses to Defendant's Interrogatories. Plaintiff based that refusal on its objection that Defendant's Interrogatories and Requests for Production were served on July 14, 2026, six days after the July 8 deadline established by the Court's Case Management Plan and Scheduling Order. Defendant respectfully requests that the Court deem Defendant's written discovery timely nunc pro tunc.

The six-day delay caused no prejudice to Plaintiff and had no impact on the Court's discovery schedule. Defendant's discovery was served 56 days before the September 8 close of discovery. Plaintiff's responses were due August 13 -- 26 days before discovery closed. Plaintiff thus had the full thirty-day response period. Its responses were due nearly four weeks before the discovery cutoff, and Plaintiff has identified no prejudice resulting from the six-day delay.

This case is therefore materially different from cases in which written discovery is rejected because it was served too late for responses to be completed before the discovery cutoff. See *Cardew v. New York State Dep't of Corr. & Cmty. Supervision, 743 F. Supp. 3d 523, 527 (W.D.N.Y. 2024)* (noting that this Circuit's "weight of authority establishes that when service of new requests is within 30 days of the close of discovery, those requests are untimely"); *Siemens Indus., Inc. v. Great Midwest Ins. Co.,* No. 1:23-CV-05046 (JHR) (SDA), 2024 WL 3305602, at *3 (S.D.N.Y. June 4, 2024) ("Failure to serve discovery requests within the time prescribed for responses is sufficient to deny those requests as untimely."). Here, Plaintiff's responses were due 26 days before discovery closed.

**B. The Six-Day Delay Was the Result of Excusable Neglect**

To the extent relief from the July 8 deadline requires a showing of excusable neglect under Rule 6(b)(1)(B), that standard is satisfied here. Excusable neglect is an equitable determination that considers "all relevant circumstances surrounding the party's omission," including the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004).

Here, the circumstances support a finding of excusable neglect. There is no suggestion that Defendant acted in bad faith or sought a tactical advantage. Also, as noted above, Plaintiff suffered no identified prejudice from the six-day delay, which had no impact on the existing discovery schedule.

The delay arose from the circumstances surrounding undersigned counsel's substitution into the case. Undersigned counsel appeared as substitute counsel on June 5, 2026, at a time when Defendant had not yet been served with process. Indeed, on June 5, 2026, Plaintiff's counsel asked whether undersigned counsel would waive or accept service on Defendant's behalf. Defendant thereafter voluntarily appeared by filing its Answer on June 16. The Court's Case Management Plan and Scheduling Order, however, had been entered on May 13, 2026, more than three weeks before undersigned counsel entered the case. Against that procedural background, undersigned counsel inadvertently overlooked the pre-existing July 8 deadline for service of written discovery and served Defendant's discovery six days later, on July 14.

Plaintiff's dilatory conduct following service of Defendant's written discovery further supports nunc pro tunc relief. Plaintiff did not object when it received Defendant's discovery requests on July 14. Although the asserted timing defect was immediately apparent and required no substantive review of the discovery requests, Plaintiff remained silent for the entire thirty-day response period. Only on August 13 -- the date its responses were due -- did Plaintiff advise Defendant that it regarded the discovery as untimely and would provide no substantive interrogatory responses or responsive documents.

Courts addressing this circumstance have recognized that a party asserting that it need not respond because discovery was untimely should promptly raise the objection or seek appropriate relief. See *Vickers v. Thompson*, No. 1:15-cv-00129-SAB, 2017 WL 3732033, at *6 (E.D. Cal. Aug. 31, 2017) ("If a party believes that they are not required to respond to discovery requests due to untimeliness of service, that party should promptly object or seek a protective order from the

court."). *Vickers* further observed that remaining silent concerning arguably untimely discovery "may have resulted in a waiver of objections." *Id.*

Plaintiff's thirty-day silence materially affected Defendant's ability to cure the six-day delay. Had Plaintiff promptly raised the objection upon receiving the discovery on July 14, Defendant could have sought Plaintiff's consent or requested relief from the Court immediately, while 56 days remained before the close of discovery.

The circumstances as a whole entail: The substitution of counsel after the Scheduling Order had been entered and before Defendant had been served, Defendant's voluntary appearance shortly thereafter, the brief six-day delay, the absence of prejudice or bad faith, the lack of any impact on the September 8 discovery cutoff, and Plaintiff's decision to wait thirty days before raising its objection. Based on the foregoing, Defendant respectfully submits that the neglect was excusable and that nunc pro tunc relief is warranted.

**C. Plaintiff Has Refused to Identify Which of Its Other Objections Are Serving as Bases for Withholding Discovery**

Plaintiff's responses to Defendant's discovery requests leave unclear whether, apart from its timeliness objection, any other objections provide grounds for Plaintiff's withholding of responsive discovery. Prior to and during the meet and confer, Defendant asked Plaintiff to identify which objections, if any, other than untimeliness were being relied upon to withhold discovery. Plaintiff refused to identify the operative objections, insisting instead that Defendant identify, request by request and objection by objection, which objections it wished to challenge, and stating that "Plaintiff stands on its objections as written."

Plaintiff's position makes a meaningful meet and confer impossible. Defendant cannot be expected to challenge dozens of objections as a basis for withholding discovery without knowing whether Plaintiff is actually withholding discovery on the basis of those objections. Rule 34(b)(2)(C) expressly requires the responding party to "state whether any responsive materials are being withheld on the basis of" an objection. See *Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Rule 33(b)(3) similarly requires an interrogatory, "to the extent it is not objected to," to be answered separately and fully.

**D. Relief Requested**

Accordingly, Defendant respectfully requests, pursuant to Rules 6(b)(1)(B) and 16(b)(4), that the Court extend the July 8 deadline through July 14, 2026 nunc pro tunc, overrule Plaintiff's untimeliness objections, and compel Plaintiff pursuant to Rule 37(a) to provide substantive interrogatory responses and produce responsive, nonprivileged documents. To the extent Plaintiff continues to withhold responsive discovery based on objections other than timeliness, Defendant further requests that Plaintiff be required to identify the particular objection upon which the withholding is based.

**Plaintiff's Position**

**A. Defendant Cannot Establish Good Cause Because It Was Not Diligent**

Rule 16(b)(4) provides that a scheduling order may be modified only for good cause. Whether good cause exists turns principally on the diligence of the party seeking modification. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). This Court recently rejected an analogous request to modify a discovery schedule where counsel failed to comply because of an apparent failure to read or correctly understand the governing scheduling order, explaining that such oversight does not establish good cause. *Dominguez v. Thompson*, 2025 WL 2855263, 2025 U.S. Dist. LEXIS 199330, at *16 (S.D.N.Y. Oct. 7, 2025) (Woods, J.).

Defendant's own timeline reinforces its lack of diligence. The Scheduling Order entered on May 13 expressly required that document requests and interrogatories "shall" be served by July 8. Dkt. 53 ¶ 7(b)-(c). It further expressly permitted the parties to extend those deadlines by written agreement. *Id.* ¶ 7(g). Despite having nearly two months to serve discovery and comply with the deadline Defendant neither served its discovery by July 8, requested consent to an extension, nor sought relief from the Court. Instead, Defendant waited two months after the Scheduling Order was entered to serve discovery, and states that counsel simply "inadvertently overlooked" the deadline.

Plaintiff timely served its responses and objections on August 13 in accordance with the allotted 30-day response timeline provided by Rule 33(b)(2) and Rule 34(b)(2)(A). Defendant nevertheless waited until August 26, thirteen additional days and less than two weeks before the close of discovery, to raise any deficiency in Plaintiff's responses and to request a meet-and-confer. It did not request nunc pro tunc relief from the Court until this letter. Thus, Defendant's contention that its six-day delay had "no impact" on the discovery schedule ignores Defendant's subsequent two-week delay in raising the discovery issues and requesting a meet and confer. Its present request would require Plaintiff to prepare substantive responses, collect and produce documents immediately before, or after, the September 8 discovery cutoff.

Counsel's substitution also does not establish diligence. KAKEI was represented when the Scheduling Order was negotiated and entered, and the Scheduling Order itself identifies Yong Chen as counsel for KAKEI. Dkt. 53 at p. 4; *see also* ¶1 (noting that "all parties consent" to the Scheduling Order). The case that Defendant cites recognizes that diligence is evaluated based on the party's conduct throughout the litigation and that substitution of counsel does not relieve a party from the consequences of prior counsel's acts or omissions. *Cardew v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 743 F. Supp. 3d 523 (W.D.N.Y. 2024) (holding that "Plaintiffs need not respond to Defendants' untimely discovery requests.").

Nor was Plaintiff required to alert Defendant to its untimeliness objection before Plaintiff's responses were due. Rules 33 and 34 afforded Plaintiff thirty days to serve its answers and objections, and Plaintiff did so. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Defendant's reliance on an out-of-circuit district court decision to suggest that Plaintiff somehow waived a timely served objection does not establish the diligence Rule 16 requires from Defendant.

**B. Defendant Did Not Meaningfully Confer Regarding Individualized Objections**

After Defendant first raised purported deficiencies on August 26, Plaintiff specifically requested that Defendant identify the issues it wished to discuss and provide a detailed explanation of Defendant's position so that Plaintiff could meaningfully prepare for the conference. *See* Ex. A.

Defendant's August 27 email response devoted its substantive argument to Plaintiff's timeliness objection, contending that Defendant's six-day delay should be excused because it purportedly caused no prejudice and because of the timing of Defendant's appearance in the action. *See* Ex. A.

However, timeliness was not the only objection asserted by Plaintiff. In addition to raising a timeliness objection, Plaintiff asserted particularized, request-specific objections to each interrogatory and document request. As to Plaintiff's numerous other request-specific objections, however, Defendant did not identify any particular request or objection that it contended was improper, much less explain the basis for that contention. Instead, Defendant stated generally that it sought "substantive responses to its Interrogatories and production of responsive, nonprivileged documents." *Id.*

Although it stood on its timeliness objection, Plaintiff again attempted to narrow the dispute at the August 31 conference. Plaintiff explained that its objections differed from request to request and repeatedly invited Defendant to identify any particular request or objection, other than timeliness, that Defendant wished to discuss. Defendant declined to do so and stated only that its position applied to "all" requests. *See* Ex. A. Plaintiff explained that it could not meaningfully evaluate whether a particular request or objection warranted narrowing, supplementation, or some other resolution without knowing which objection Defendant disputed and why. Defendant still did not identify a particular request or objection, and the conference concluded after approximately nine minutes. *Id*. After the call, Plaintiff's counsel sent a follow up email memorializing the issues discussed and inviting Defendant's counsel to identify specific requests/objections and to further meet and confer. Instead of a substantive response, Defendant's counsel served this Joint Letter. *Id.*

Defendant's present contention that Plaintiff thereby prevented a meaningful conference is particularly difficult to reconcile with Defendant's own prior position in this case. When Plaintiff previously raised deficiencies in Defendant's discovery responses, Defendant expressly declined to confer immediately and stated that "the most productive course" was first to provide a written response and any supplemental discovery, after which the parties could confer regarding the issues that remained. Defendant later reiterated that it wished to provide its substantive written response before conferencing "in order to facilitate a meaningful discussion." Plaintiff requested the same basic procedure here: identify the disputed issues and Defendant's position so that counsel could prepare to discuss and potentially resolve them. *See* Ex. A

Defendant should not be able to obtain a blanket order overruling numerous individualized objections that it never meaningfully presented to Plaintiff during the required meet-and-confer process.

### C. Defendant Has Not Complied With Local Civil Rule 37.1

Local Civil Rule 37.1 requires a party seeking Rule 37 relief to specify and set forth verbatim each discovery request and response at issue and to state the grounds upon which it is entitled to prevail as to each request or response. Defendant has not quoted or set forth a single interrogatory, document request, response, or request-specific objection, nor has it even provided copies of the discovery requests or responses.

Instead, it asks the Court to compel substantive responses to all of its discovery wholesale. The Court therefore has not been presented with the discovery necessary to determine whether any particular response is deficient or whether any of the particularized objections should be overruled. Defendant's blanket request to compel should be denied for this independent reason.

Dated: September 3, 2026

Respectfully submitted,

*/s/ Moshe Mortner*
Moshe Mortner
30 Wall Street, 8th Floor
New York, NY 10005
Email: MosheMortner@MortnerLaw.com
Tel. 877-365-217
*Counsel for Defendant KAKEI*

*/s/ Shengmao Mu*
Shengmao Mu
NY No. 5707021
**WHITEWOOD LAW PLLC**
57 West, 57th Street, 3rd and 4th Floors
New York, NY, 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

The Court will hold a teleconference regarding the parties' discovery dispute on September 8, 2026 at 3:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 114.

SO ORDERED.

Dated: September 4, 2026

GREGORY H. WOODS
United States District Judge